**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:94-CR-86 |
| | ) | |
| STEPHEN A. GOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The addendum to the presentence report ("PSR Addendum") filed by United States Probation on November 19, 2014 (DE #200), indicates that, as a result of Amendment 782 to the United States Sentencing Guidelines, Defendant is eligible for a sentence reduction from his current sentence of life, to one within a range of 262-327 months. However, after a review of the record, including the public safety factors section of the PSR Addendum, the Court hereby gives the parties notice that it does <u>not</u> intend to reduce Defendant's sentence. The Court **DIRECTS** United States Probation to furnish a copy of the PSR Addendum (DE #200) to the Government as well as to the Federal Bureau of Prisons ("BOP"), so that the BOP may afford Defendant access to the PSR Addendum pursuant to its applicable policies by May 18, 2015.[1] The Court **ORDERS** the parties to file, by June 8, 2015,

---

[1] The BOP does not allow inmates to possess such documents. As explained by the BOP, "inmates are prohibited from obtaining or possessing photocopies of their PSRs" for safety and security reasons. See Federal Bureau of Prisons Program Statement 1351.05, § 12.a.(2)(d)(1). However, the

any objection or other response they may have to the Court's stated intention not to reduce Defendant's sentence.

BACKGROUND

Defendant, Stephen A. Golden, was indicted on a number of drug-related charges. After a jury trial, Defendant was convicted of Count 1 (conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846), Counts 4, 5, 7 and 8 (each charging Defendant with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1)), Count 6 (use of a firearm during drug trafficking crime, in violation of 18 U.S.C. § 924(c)) and Counts 9, 10, and 11 (employment of juveniles for drug distribution, in violation of 21 U.S.C. § 861(a)(1)). At sentencing, the Court found Defendant responsible for more than 2 kilograms of crack cocaine. As a result of the amount of drugs and specific offense characteristics, the total offense level was determined to be 43. Based on Defendant's criminal history category of III, along with total offense level of 43, the sentencing guideline range was life plus 60 months. The Court sentenced Defendant to a life term of imprisonment on each of Counts 1, 4, 5, 7, 8, 9, 10, and 11, to run concurrently, plus a 60 month term of imprisonment on Count 6, to run consecutively. This resulted in a prison term of life plus 60 months.

---

BOP's Program Statement also provides that "[i]nmates must be provided reasonable opportunities to access and review their PSRs. . . [and] are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. *Id*.

On January 30, 2008, Defendant filed a letter indicating that he believed he was entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2007, United States Sentencing Guidelines, U.S.S.G. §2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. §1B1.10. Upon receiving that request, this Court appointed counsel to represent Defendant. Defendant's counsel filed a petition for sentence modification and also requested a resentencing hearing. Defense counsel noted that the new guideline range for Counts 1, 4, 5, 7, 8, 9, 10 and 11, under the 2007 crack amendment was 360 months to life. Defendant requested his sentence be modified to the low end of the new guideline range. The Government objected to any sentence modification based on Defendant's disciplinary history since being incarcerated.

On February 4, 2009, this Court denied Defendant's request for a sentence modification. This Court found that life imprisonment was a reasonable sentence. In arriving at that conclusion, the Court was mindful of Defendant's post-sentencing conduct, which included many disciplinary violations. The Seventh Circuit affirmed this Court's decision.

On November 16, 2012, Defendant, through counsel, filed a motion requesting to be re-sentenced, this time pursuant to the 2010 Fair Sentencing Act and retroactive application of the Crack Cocaine Amendment of 2011. On February 15, 2013, this Court again denied Defendant's motion, noting that a sentence of life was reasonable and appropriate based on the factors listed in 18 U.S.C. section 3553(a) along with Defendant's poor conduct while imprisoned.

On November 10, 2014, Defendant sent this Court a letter asking that his sentence be reduced pursuant to Amendment 782 to the United States Sentencing Guidelines. The Court took the matter under advisement and directed United States Probation to prepare the PSR Addendum, which was filed on November 19, 2014.

ANALYSIS

The Seventh Circuit has made it clear that "a section 3582(c)(2) modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered." *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009). See also *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009) ("The decision to reduce a defendant's sentence under § 3582(c)(2) is within the district court's discretion.") In exercising its discretion to reduce a defendant's sentence under section 3582(c)(2), a court is to consider and be mindful of "the factors listed in 18 U.S.C. § 3553(a), the [defendant]'s conduct while imprisoned, and the risk his early release would pose to public safety." *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

Here, an examination of the section 3553(a) factors leads this Court to the conclusion that a sentence modification is not warranted. The nature and circumstances of Defendant's offense were serious. Not only was Defendant convicted on multiple counts of illegal drug distribution, but he acted as a leader and organizer, employing juveniles to assist in the drug distribution. The seriousness of Defendant's offense, the need for

4

just punishment, and the need to protect the public further weigh in favor of life imprisonment.

In addition, Defendant's conduct while incarcerated weighs against a sentence reduction. Since Defendant's incarceration and through November of 2014, Defendant has been sanctioned forty-two times for various violations of prison rules. Nine of those sanctions have been issued since the previous addendum to the presentence report was created in November of 2011, and three of those sanctions were issued subsequent to this Court's order denying Defendant's request for a sentence reduction dated February 15, 2013. (See DE #200.) Although Defendant states in his letter that he has been on his "best behavior here inside of these federal penitentiaries" (DE #198, p. 2), the Court finds that Defendant's continued and repeated violations establish that he is either incapable of or unwilling to comply with the laws or conduct himself in a manner so as not to pose a risk of danger to society.[2]

Based on the section 3553(a) factors along with Defendant's conduct while incarcerated, this Court believes that a life sentence under Counts 1, 4, 5, 7, 8, 9, 10 and 11 would be reasonable and appropriate. Such a sentence would not be greater than necessary to reflect the seriousness of the offense. It would adequately take into account the policy statements of the Sentencing Commission, the nature and circumstances of the offense, and the history and characteristics of Defendant. It would also promote

---

[2] That said, the Court does commend Defendant for the health/nutrition, ELL orientation, smoking cessation, and GED courses he has taken during his incarceration and encourages Defendant to continue to engage in productive activities rather than non-compliant behavior.

respect for the law, provide just punishment for the offense, afford adequate deterrence to this type of criminal conduct, and protect the public from further crimes of Defendant.

CONCLUSION

For the foregoing reasons, after a review of the record, including the public safety factors section of the PSR Addendum, the Court hereby gives the parties notice that it does <u>not</u> intend to reduce Defendant's sentence. The Court **DIRECTS** United States Probation to furnish a copy of the PSR Addendum (DE #200) to the Government as well as to the BOP, so that the BOP may afford Defendant access to the PSR Addendum pursuant to its applicable policies by May 18, 2015. The Court **ORDERS** the parties to file, by June 8, 2015, any objection or other response they may have to the Court's stated intention not to reduce Defendant's sentence.

**DATED: April 22, 2015**          /s/RUDY LOZANO, Judge
                                   **United States District Court**